# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV376-K

| | |
|---|---|
| SUREKHABEN A. PATEL,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>    Defendant. | )<br>)<br>) |

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

The United States of America has moved this Court pursuant to sentence four of 42 U.S.C. § 405(g) for entry of judgment under sentence four of 42 U.S.C. § 405(g) with reversal and remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand, the Administrative Law Judge (ALJ) will update plaintiff's medical records and conduct a supplemental administrative hearing. The ALJ will then issue a new decision based on the total record, providing rationale for the weight assigned to each medical opinion in the record. If any medical opinion is accepted in part and rejected in part, the ALJ will explain the rationale for both the acceptance and the rejection. The ALJ will also state the basis for his findings as to Plaintiff's residual functional capacity.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. §405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with

a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157(1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

**Signed: November 7, 2005**

David C. Keesler
United States Magistrate Judge